UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WINSTON COUNTY, MISSISSIPPI BRANCH OF THE
NAACP, and CHARLES HAMPTON and LEMOYNE
YOUNG on behalf of themselves and all others similarly situated               PLAINTIFFS

VS.                                                                CIVIL ACTION NO. 1:11CV59

                                                                              Consolidated with:
                                                                              1:11cv60
                                                                              2:11cv42
                                                                              3:11cv27
                                                                              3:11cv28

WINSTON COUNTY, MISSISSIPPI
BOARD OF SUPERVISORS; ET AL                                        DEFENDANTS
and

JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF
MISSISSIPPI, EX REL. THE STATE OF MISSISSIPPI                      INTERVENOR

# ORDER

This cause comes before the court on the motion of defendants to lift the stay in this case and thereupon dismiss it, based upon the Fifth Circuit's May 16, 2014 decision in *Hancock County Bd. of Supervisors v. Ruhr*, 2014 WL 1998998 (5th Cir. 2014). Plaintiffs have not responded in opposition to the motion, nor have they sought additional time to do so. The court concludes that the motion is well taken and should be granted.

On November 20, 2013, this court entered an order consolidating the above-captioned cases and staying them, pending the Fifth Circuit's ruling on the appeal of Judge Guirola's order of dismissal in *Hancock v. Ruhr*, 1:10cv564 (S.D. Miss). In his order, Judge Guirola dismissed *Hancock* and eight other voting rights cases, most of which were filed by the NAACP in the

southern district based on complaints virtually identical to the ones in this case. Judge Guirola's order was entered on remand from the Fifth Circuit's 2012 ruling in *Hancock Cnty. Bd. of Sup'rs v. Ruhr*, 487 F. App'x 189 (5th Cir. 2012), which had reversed his ruling that the plaintiffs lacked standing. While the Fifth Circuit in *Hancock* disagreed with Judge Guirola's ruling on the standing issue, it noted the possibility that the claims in the case might be moot and remanded for a determination in this regard.

In his ruling on remand, Judge Guirola found that all nine cases before him were in fact moot, since they sought relief in relation to deadlines for 2011 county Board of Supervisor elections which had since come and gone. Specifically, Judge Guirola wrote that:

> In this case, when the qualifying deadline passed, and the elections were held, plaintiffs' claims seeking to enjoin those events became moot. The Court finds that the plaintiffs have not demonstrated a reasonable expectation that the same circumstances would arise again. Thus, the capable-of-repetition, yet evading-review exception to mootness is not applicable to the claims in this case. The claims alleged in plaintiffs' complaints are moot and must be dismissed.

*Hancock*, slip op. at 10. Judge Guirola thus specifically found that, contrary to plaintiffs' arguments, the "capable-of-repetition, yet evading-review" exception to the mootness doctrine was not applicable to the claims before him. This exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735 (2008).

In its November 2013 order, this court noted that it found Judge Guirola's ruling on the mootness issue to be persuasive, writing that:

> In his order, Judge Guirola set forth in detail his reasons for concluding that this exception was inapplicable, and this court agrees with his analysis in this regard. In so concluding, this court finds particularly persuasive Judge Guirola's observation that:
>> It is also apparent from the evidence and arguments at hearing that Department of Justice preclearance was the primary impediment to the counties' ability to

2

> redistrict in time for the 2011 elections. This step in the redistricting process has been removed. After the United States Supreme Court's decision in *Shelby County, Alabama v. Holder*, 133 S.Ct. 2612 (2013), no county in Mississippi is required to obtain preclearance from the Department of Justice for changes to voting procedures, including new supervisor district lines. The court held that the formula in section 4(b) of the Voting Rights Act may no longer be used as a basis for subjecting jurisdictions to preclearance. *Shelby Cnty.*, 133 S.Ct. at 2631.
>
> Judge Guirola thus correctly noted that, the next time a Mississippi county is forced to re-district in response to 2020 or 2030 census data, the absence of any Department of Justice pre-clearance requirements should greatly speed up the process, thereby greatly increasing the likelihood that it will be conducted in time for the next scheduled county elections. The court agrees that this fact, along with the other factors noted in Judge Guirola's opinion, renders the "capable-of-repetition, yet evading-review" exception to mootness inapplicable in this case.

[November 20, 2013 order at 2-3.]

While thus agreeing with Judge Guirola that the issues in these election cases are now moot, this court elected, out of an abundance of caution, to stay rather than dismiss them, pending the Fifth Circuit's ruling in *Hancock*. In so electing, this court noted that the plaintiffs in these cases are also seeking to assert claims for post-election relief and that claims for such relief were arguably not moot. This court hastened to add, however, that while possibly not moot, the claims for post-election relief were likely meritless. In so concluding, this court noted that setting aside an election is an extraordinary remedy, and it expressed its inclination to conclude that the circumstances of this case simply did not warrant such. Specifically, this court wrote that:

> In this case, the court finds nothing "abhorrent" about the conduct of the defendant county; indeed, it is not clear at this juncture that its conduct was even reprehensible. To be clear, this case deals with 2011 Board of Supervisor elections, and the census was held in 2010. Moreover, the actual census data was only released shortly before plaintiffs filed this lawsuit. Obviously, a county's failure to redistrict immediately following a census is far less reprehensible than its failure to do so for four full years after a census. In addition, plaintiffs' request for the extraordinary relief of setting aside an election is further hampered by the fact that they chose to seek relief against such a large number of counties. This undercuts their argument that these counties independently committed egregious failures to re-district, and it makes even more extraordinary the remedy - the invalidation of a large number of elections - which they seek from this court.

3

[November 20, 2013 order at 4-5].

In its May 2014 decision in *Hancock*, the Fifth Circuit endorsed both of the conclusions stated above, finding that the virtually identical claims in that case were moot and that the extreme remedy of invalidation of elections was not warranted. Specifically, the Fifth Circuit wrote that:

> As the district court aptly noted, the elections at issue occurred over two years ago, and appellants have presented no evidence that the Mississippi election officials deliberately defied or in the future intend to violate the Voting Rights Act. Instead, the evidence shows that despite time constraints imposed by Mississippi statutes, Appellees attempted to comply with their redistricting responsibilities. . . . Appellants have not asserted factual allegations justifying a special elections remedy; there has been no evidence that the Mississippi county election officials deliberately defied the requirements of the Voting Rights Act or otherwise acted egregiously or in bad faith. We reject Appellants' plea for a new election.

Hancock, slip op. at 3. This court reaches the same conclusion in the above-consolidated cases, and defendants' unopposed motions to dismiss will therefore be granted.

It is therefore ordered that defendants' motions to dismiss are granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 16th of July, 2014.

                                      **/s/ MICHAEL P. MILLS**
                                      **UNITED STATES DISTRICT JUDGE**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**